## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.  06-0042-WS |
| | ) | |
| CLEVELAND LOUIS PETTAWAY, JR., | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

This matter is before the Court on the defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. 298).  The basis of the motion is that, while the defendant's guideline range was calculated using a criminal history category of IV, Amendment 709 would reduce his criminal history points sufficiently to place him in category III.

Section 3582(c)(2) permits a court to consider "modify[ing] a term of imprisonment once it has been imposed" only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ...."  That is, in order for Section 3582(c)(2) relief to be possible, the amendment must have become effective after the defendant was sentenced; if the amendment was in effect at the time of sentencing, Section 3582(c)(2) does not apply.  *United States v. Turner*, 263 Fed. Appx. 847, 847 (11th Cir. 2008); *United States v. Suarez*, 260 Fed. Appx. 224, 226 (11th Cir. 2007);  *accord United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000); *United States v. Ibarra-Torres*, 161 Fed. Appx. 613 (8th Cir. 2006).

The defendant was sentenced on February 1, 2008.  (Doc. 275).  The effective date of Amendment 709 was November 1, 2007.  Section 3582(c)(2) is thus inapplicable, and the motion to reduce sentence is **denied**.

DONE and ORDERED this 24th day of July, 2008.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE